854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STRUCTURAL RUBBER PRODUCTS CO., Appellee,
v.
PARK RUBBER CO. and International Metals and Machines, Inc.,
Appellants.
 No. 88-1129.
 United States Court of Appeals, Federal Circuit.
 July 27, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Park Rubber Co. and International Metals and Machines, Inc. (collectively Park) appeal the final judgment of the United States District Court for the Northern District of Illinois, Eastern Division, No. 79 C 1223 (Sept. 30, 1987), holding Park liable for infringement of United States Patent Nos. 3,843,051 and 4,117,977 ('051 and '977 patents, respectively), owned by Structural Rubber Products Co. We affirm the judgment in all respects.
 
 OPINION
 
 2
 Structural's patents relate to highway railroad crossings having a moisture-proof surface that prevents degradation of the track subgrade. Park denied that its manufacture and sale of its railroad crossing structure infringed Structural's patent claims and also asserted that the patents in suit were invalid under 35 U.S.C. Secs. 102 and 103 (1982).
 
 
 3
 In the initial trial, a jury found Park's devices infringed both patents but that the infringed claims were invalid under section 102. On appeal this court reversed that judgment of invalidity under section 102 and remanded for further proceedings. Structural Rubber Prods. Co. v. Park Rubber Co., 749 F.2d 707, 223 USPQ 1264 (Fed.Cir.1984).
 
 
 4
 In the second trial, in answers to specific interrogatories submitted by the court, the jury determined that: 1) Park failed to prove that certain references were "pertinent" to the claims of the '051 and '977 patents; 2) the evidence established the existence of objective indicia of nonobviousness in connection with the claimed inventions; and 3) Park failed to prove any of the claims invalid for obviousness. The district court denied Park's post-trial motions for judgment notwithstanding the verdict (JNOV) and for a new trial, and granted Structural's request for a permanent injunction against Park to prevent further infringement. We are unpersuaded by Park's arguments of prejudicial procedural or substantive error in the second trial.
 
 
 5
 The standard of review of a jury verdict on a motion for JNOV is to determine (1) if the jury's findings of fact are supported by substantial evidence or (2) if they were so supported, can the findings support the legal conclusions of the verdict. Verdegaal Bros., Inc. v. Union Oil Co. of Calif., 814 F.2d 628, 631, 2 USPQ2d 1051, 1052 (Fed.Cir.), cert. denied, 108 S.Ct. 95 (1987); Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984).
 
 
 6
 With regard to infringement, Park urges that there is insufficient evidence of record to support the jury's finding of infringement of either patent on a number of theories, none of which are persuasive. For example, Park asserts that the answers to interrogatories and the Kersey testimony are insufficient evidence on which to rest a finding of infringement. However, the evidence to establish infringement is not limited to that evidence, and, thus, its argument, even if true, would not mandate reversal. With respect to the '977 patent, we are wholly unconvinced that Park established a meaning of the term "affixed" under which it escapes infringement. Having considered these and all other of Park's infringement arguments, it suffices to say that the jury's verdict of infringement is supported by substantial evidence and, therefore, the district court properly denied Park's post-trial motions on that issue.
 
 
 7
 Turning to the issue of obviousness, Park first asserts that it was prejudiced by the trial court's acceptance of the jury's verdict as binding; whereas, the court and the parties had agreed that the jury would be advisory only. The trial court explained that she did, in fact, change her view about the effect of a jury verdict on this issue, gave due consideration to Park's assertion of prejudice, and concluded "that the trial would have been conducted by the defendants in the same way even if they knew the verdict would be binding." We are unpersuaded of prejudicial error in the court's action.
 
 
 8
 Park's argument that as a consequence of the court's conversion of the "advisory" verdict to a "binding" verdict, the trial court "abdicated" its responsibility to decide the legal issue of obviousness is fallacious. Contrary to Park's view, it is not only where a jury is "advisory" that the trial court must rule on the application of the law to the facts. A JNOV motion requires the trial court to set aside a verdict where the court is convinced that the jury misapplied the law to the facts. Medtronic, Inc. v. Intermedics, Inc., 799 F.2d 734, 738, 230 USPQ 641, 643 (Fed.Cir.1986), cert. denied, 107 S.Ct. 882 (1987); Structural Rubber Prods., 749 F.2d at 719, 223 USPQ at 1273. On this point, the trial judge's memorandum opinion in the second trial is especially helpful. She acknowledged that during the first trial she had made the comment (not a ruling) that the subject inventions were obvious. She further stated that had she remained of that view, she "would have to grant the post-trial motions." However, as a result of the second trial, she changed her opinion and, therefore, refused to overturn the jury verdict. The trial court clearly did not "abdicate" its responsibility to rule on the application of the legal standard of obviousness to the facts here.
 
 
 9
 With respect to the factual determinations expressly or implicitly underlying the nonobviousness verdict, the trial court reviewed the record and rejected Park's assertion that the jury's findings were unsupported by substantial evidence. We are unpersuaded of error in that ruling. That certain references were found not "pertinent" reasonably followed from the court's instructions to which Park made, and now makes, no objection. Nor are we persuaded, in any event, that the inventions would have been obvious in view of the references.
 
 
 10
 With regard to the jury's findings on the objective indicia of nonobviousness, ample evidence of record supports those findings and, therefore, they must be upheld. Contrary to Park's assertions, the district court did not improperly impose upon Park, through its instructions to the jury, the burden of persuading the jury by clear and convincing evidence of the nonexistence of any objective evidence of nonobviousness. Nor has Park convinced this court that the trial court erred in refusing to permit Park to introduce testimony regarding the availability of David Canfield, author of a report used by Structural as a basis for testimony directed to its evidence of nonobviousness.
 
 
 11
 As concerns the court's ruling on the ultimate issue of obviousness, Park's arguments fall far short of convincing this court of legal error. Even if it were true that there are no differences between elements in the prior art and in the claimed invention, that fact does not, as Park erroneously presumes, lead inescapably to a conclusion of obviousness. See Hartness Int'l, Inc. v. Simplimatic Eng'g Co., 819 F.2d 1100, 1108, 2 USPQ2d 1826, 1832 (Fed.Cir.1987) (In determining obviousness, "the inquiry is not whether each element existed in the prior art, but whether the prior art made obvious the invention as a whole for which patentability is claimed."). Park has not identified any suggestion in the prior art references that would have motivated one of ordinary skill in the art to combine the prior art teachings. See Carella v. Starlight Archery & Pro Line Co., 804 F.2d 135, 140, 231 USPQ 644, 647 (Fed.Cir.1986) ("Obviousness cannot be established by combining the teachings of the prior art to produce the claimed invention, absent some teaching, suggestion or incentive supporting the combination.").
 
 
 12
 Park has also failed to convince this court that the district court abused its discretion or otherwise erred in enjoining Park from further infringement of Structural's claimed inventions. This matter was reconsidered by Chief Judge Grady following the trial judge's resignation, and we agree with his assessment that Park's motions are lacking in merit.
 
 
 13
 For the above reasons, we affirm the district court's judgment in toto.